# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2590
_____

William R. Schlecht

*Plaintiff - Appellant*

v.

Stanley Goldman; Northwestern Mutual Life Insurance Company

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 16, 2025
Filed: November 4, 2025
[Unpublished]
_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Northwestern Mutual Life Insurance Company ("Northwestern Mutual")
moves for summary affirmance under Eighth Circuit Rule 47A(a), or, alternatively,
to consolidate this appeal with William R. Schlecht's other appeal in No. 24-2095.
Schlecht moves to transfer the appendices filed in No. 24-2095 to this case and for
an extension of time to file a brief in this case. Schlecht submitted a paper copy of

his brief for this case on September 25, 2025, indicating circumstances precluded him from accessing the Court's electronic filing system. We hereby grant Schlecht's motion to transfer the appendices to this case. We dispense with the electronic filing requirement for briefs, accept Schlecht's paper copy, and deny as moot Schlecht's motion for an extension of time to file a brief.

The facts and contentions asserted by Schlecht in this appeal are related to a lapsed life insurance policy issued by Northwestern Mutual. In an opinion being filed simultaneously with this opinion, we affirmed the district court's[1] order enforcing a settlement reached by the parties at mediation. Schlecht v. Goldman, et al., No. 24-2095. As part of the settlement, Schlecht agreed to completely release and discharge Northwestern Mutual from all legal, equitable, and statutory claims, known or unknown, matured or unmatured, asserted or unasserted, related in any way to the life insurance policy at issue. In this appeal, Schlecht re-raises claims pertaining to Northwestern Mutual's alleged breach of the policy terms when it purportedly rescinded reinstatement of the life insurance policy and made fraudulent and misleading statements that induced him to sign a settlement memorandum. He also raises other collateral issues such as "mistakes" in the district court's order, Northwestern Mutual's refusal to participate in discovery, duties he claims Northwestern Mutual has to him, the accuracy of the policy filed with the district court by Northwestern Mutual, due process claims, and Northwestern Mutual's alleged conduct causing increased litigation costs.

The Court finds the issues raised by Schlecht in this appeal relitigate claims asserted in No. 24-2095 or are frivolous and do not merit further consideration in light of the Court's decision in No. 24-2095. Northwestern Mutual's motion for summary affirmance is granted, see Eighth Circuit Rule 47A(a), and its motion to consolidate the appeals is denied as moot. Schlecht's motion to remand for a limited purpose, which appears to be to conduct discovery, is denied. The district court's

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

order denying Schlecht's motion to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is affirmed.

————————————————